MEMORANDUM**
Gilberto Placencia-Medina appeals his sentence for attempted entry after removal. 8 U.S.C. § 1326(a). We affirm.
The district court did not err when it considered the nature and similarity of Placencia’s prior convictions in deciding to impose a six-month variance from the sentence range under the United States Sentencing Guidelines. See United States v. *162 Orlando, 553 F.3d 1235, 1239 (9th Cir.2009); cf. United States v. Segura-Del Real, 83 F.3d 275, 277-78 (9th Cir.1996) (court can consider repetitive immigration violations in calculating an upward departure from the Guidelines).
Moreover, considering the simplicity of the matter, the district court sufficiently explained its decision to vary from the guideline range. See 18 U.S.C. § 3553(c); United States v. Carty, 520 F.3d 984, 991-92 (9th Cir.2008) (en banc). Finally, the district court was not required to mouth the so-called parsimony principle when it stated that the sentence it was awarding was reasonable. A reasonable sentence incorporates that principle,[1] and we assume that “district judges know the law.”[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. See United States v. Crowe, 563 F.3d 969, 977 n. 16 (9th Cir.2009); United States v. Vasquez-Landaver, 527 F.3d 798, 804-05 (9th Cir.2008).

. Carty, 520 F.3d at 992.